UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Eugene Barry,<br><br>　　　　Plaintiff,<br>v.<br><br>Advantage Collection Professionals, Inc.,<br><br>　　　　Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by this Defendant and its agents in its illegal efforts to collect an alleged consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Eugene Barry is a natural person who resides in the City of Saint Bonifacius, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Advantage Collection Professionals, Inc. is a collection agency and domestic corporation operating from an address of 495 2nd Avenue SE, Cambridge, Minnesota 55008, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.  Sometime before October 14, 2011, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely medical services provided by Ridgeview Clinics P/C in the approximate amount of $104.26.

7.  Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

### *October 14, 2011 Collection Letter*

8.  On or around October 14, 2011, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9.  Defendant's collection letter also included the following validation notice as required by the FDCPA at 15 U.S.C. § 1692g:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity

of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

### *November 1, 2011 Collection Letter*

10. On or around November 1, 2011, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. Defendant's November 1, 2011 collection letter included essentially the exact same validation notice that was provided in the first collection letter sent to Plaintiff, approximately seventeen (17) days earlier on October 14, 2011.

12. Defendant's first collection letter provided Plaintiff with 30 days to dispute the debt from the date of receiving the letter on or around October 18, 2011.

13. Defendant's second collection letter misleadingly suggested that Plaintiff had another 30 days to dispute the debt from the date of receiving the letter on or around November 3, 2011, which was a false and deceptive statement of his rights under the FDCPA, in an attempt to collect this debt.

14. Defendant's two collection letters contradict each other and mislead Plaintiff as to his rights to dispute this debt, and falsely and deceptively misrepresent the actual time in which the Plaintiff has to dispute this alleged debt.

15. Moreover, Defendant's November 1, 2011, collection letter also demanded payment for this alleged debt during the 30-day period in which Plaintiff had a right to dispute this alleged debt.

16. Therefore, Defendant falsely and deceptively overshadowed and misstated Plaintiff's right to dispute this debt under the FDCPA in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(b), amongst others. *See generally Owens v. Hellmuth & Johnson, PLLC*, 550 F.Supp.2d 1060 (D. Minn. 2008).

*Summary*

17. All of the above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

**TRIAL BY JURY**

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

21. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

- and for such other and further relief as may be just and proper.

                Respectfully submitted,

Dated: December 19, 2011       **BARRY, SLADE & WHEATON, LLC**

By: **s/ Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Avenue SE, Suite 209
Minneapolis, Minnesota 55414
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF HENNEPIN        )

Pursuant to 28 U.S.C. § 1746, Plaintiff Eugene Barry, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2011.

_____
Signature